IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                     Plaintiff,

  v.

GREGORY P. ROBINSON,

                     Defendant.

OPINION and ORDER

25-cr-11-jdp

---

The court held a status conference on April 23, 2025 to address any outstanding discovery issues, the possibility of pretrial resolution, defendant Gregory P. Robinson's submissions, and the case schedule. Defendant represented himself and AUSA Colleen Lennon represented the government.

A. Discovery Issues

The government stated that it had produced state crime lab results to defendant at the end of March, *see* Dkt. 20, and that it needed to produce follow-up results. Regarding the March production, the government stated that a legal administrative specialist hand delivered a flash drive with the available crime lab results to the Columbia County Jail where defendant is being held. *Id.* at 2. Defendant indicated that he had not received any crime lab results, only the field test results. The government stated that it would follow up with the jail regarding the production and file a letter updating the court. Because the issue may have been the manner of production, the court ordered the government to provide its production in paper. Going forward, the court also ordered the government to personally serve defendant with its court filings within two business days.

Defendant also took issue with a nondisclosure agreement entered into while he was represented by former defense counsel and a protective order entered by the court allowing redactions to discovery under certain circumstances. Dkt. 23. But defendant admitted that he had not received any redacted discovery, and the government confirmed that no discovery was redacted or withheld under either the agreement or the order. The government also confirmed that defendant could view upon request the AV materials produced in discovery at the jail, and that it would disclose the identity of the undercover officer and relevant information about that officer closer to trial.

Defendant then requested a certified copy of the "charging instrument" and a copy of AUSA Lennon's registration with the Attorney General as a "foreign agent" under the Foreign Agents Registration Act of 1938 (FARA). These requests appear to rely on legal theories championed by sovereign citizens. *See, e.g.*, *Burnett v. Michigan*, No. 1:24-CV-55, 2024 WL 3721741, at *6 n.9 (W.D. Mich. June 18, 2024), *report and recommendation adopted*, No. 1:24-CV-55, 2024 WL 3466258 (W.D. Mich. July 19, 2024) (noting that references to a government official as a "foreign agent" is a legal theory that appears in sovereign citizen claims). The court explained that the indictment was currently the sole charging document in this case and noted that defendant has a copy. That said, the court will allow defendant to file a one-page letter request for FARA registration information and asks for a one-page response from the government. Defendant should explain what this information is and why he needs it for his defense in this case.

B. The Possibility of Pretrial Resolution

The government reported that it intends to supersede its indictment within the month to change Count 5. The change would reflect lab results confirming that the substance charged

2

in Count 5 is solely cocaine, not a mixture of contain and fentanyl. This changes the penalties associated with Count 5, specifically, from a five-year mandatory minimum to a ten-year mandatory minimum. The government indicated that it would make a plea offer taking this change into account and send the relevant materials to defendant.

**C. Defendant's Submissions, Dkts. 19 & 21**

The court inquired about defendant's two submissions at Dkts. 19 and 21. Defendant explained that Dkt. 19 contains four documents that he filed as proof that his constitutional rights were violated in Dane County Circuit Court in support of his civil suits in this court. The court will take no further action on these exhibits in this criminal case. As for Dkt. 21, a notice of surety, defendant explained that he filed this document to "settle" or dismiss this case. The court understood defendant to be arguing that surety bonds have been created in his name and are being sold on Wall Street, that the government is making money from his name, that he has an assumed name certificate on file with the State of Minnesota, and that he is exercising his right to subrogation with the notice so there is no jurisdiction over him in this court. The court stated that the notice of surety, Dkt. 21, would be construed as a motion to dismiss this case, placed under advisement, and likely denied because the legal theories presented in support are not viable in federal court. The court will address the merits of the notice of surety in a separate opinion.

**D. The Case Schedule**

Finally, the court turned to the case schedule. Trial remains scheduled for July 14, 2025, and the in-person final pretrial conference and final hearing dates also remain the same, as do expert witness disclosure deadlines. *See* Dkt. 11. Leading up to trial, the court indicated that it would send the parties draft jury instructions for their review by May 30, 2025, and

3

that objections and proposed changes are now due by June 13, 2025, along with the parties' motions in limine. Responses to the other side's objections and motions in limine are now due on June 27, 2025. If defendant decides to file exhibit and witness lists, those will be filed ex parte.

Defendant renewed his request to extend his preliminary pretrial motion deadline, which passed on April 9, 2025. Defendant expressed a desire to do more legal research. The court explained defendant needs to use his time well and simply wanting more time is not a good reason to delay the proceedings. Defendant has timely received discovery in the case and has demonstrated an ability to file submissions with the court. At this point, the court does not find good cause to move any of the trial deadlines, but will give defendant some additional time to file any additional pretrial motions. Defendant gets four weeks from the date of the conference, until May 21, 2025. This is a hard deadline that will not be extended further absent good cause.

## ORDER

IT IS ORDERED that:

1. Defendant's notice of surety, Dkt. 21, is construed as a motion to dismiss this case and is placed under advisement for a report and recommendation to the presiding judge.

2. Defendant's deadline to file pretrial motions, including a one-page letter request for FARA registration information, is extended to May 21, 2025. The government may have until May 28, 2025 to respond to any FARA information request, but need not respond to any other pretrial motion unless ordered to do so.

3. The court will send draft jury instructions to the parties on or about May 30, 2025. The case schedule, Dkt. 11, remains in place except for the deadline for final pretrial submissions and objections and proposed changes to the jury instructions, which is now June 13, 2025, and responses, which is now June 27, 2025.

4. Going forward, the government must serve paper copies of its court filings on defendant within two business days.

5. The telephonic final pretrial conference scheduled for July 2, 2025 at 10:00 a.m. is converted to an in-person hearing.

Entered April 24, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              ANITA MARIE BOOR
                              Magistrate Judge