IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.

GREGORY P. ROBINSON JR.,

                Defendant.

OPINION and ORDER

25-cr-11-jdp

---

Defendant Gregory P. Robinson Jr., is representing himself in this criminal case. He is charged in a superseding indictment with six counts of drug crimes and one count of knowingly using and maintaining a place for the purpose of manufacturing and distributing controlled substances. Dkt. 35. The case is set for trial on July 14, 2025. This order addresses the parties' motions in limine and several of Robinson's pretrial motions.

## A. Robinson's pretrial motions

Robinson has filed several motions that challenge the government's authority to proceed with the charges in this case: a "Motion in Limine" that asserts that the charges against him should be dismissed because the government violated his constitutional rights during his arrest, Dkt. 46; a "counterclaim offer and intent to sue in federal equity court" that asserts the search warrant that authorized the search of his motel room was not lawful because it had not been filed on the docket with the Dane County Circuit Court, Dkt. 81; a "writ to dismiss," Dkt. 83; a "writ of abatement/injunctive relief" that asserts that the court is depriving Robinson of his constitutional rights by allowing the government to continue prosecuting him, Dkt. 84; and a notice addressed to the Secretary of State of Wisconsin in which Robinson seeks to

"exercise [his] right to subrogation" and asks for the Secretary to "settle this case matter," Dkt. 85.

These motions all invoke sovereign citizen type theories and arguments about the use of force during Robinson's arrest that are identical or materially the same as the arguments the court rejected when it ruled on his motions to dismiss and motion to suppress evidence. *See* Dkt. 77 (adopting Report and Recommendation, Dkt. 45). The court will deny these motions for the same reasons that it denied Robinson's previous motions. Robinson's theory that a search warrant must be filed with the circuit court before it can be lawfully executed is unsupported, and Robinson provides no other explanation for why the search warrant was not lawfully issued. "When evidence is lawfully seized, police misconduct collateral to the seizure does not trigger the application of the exclusionary rule." *United States v. Watson*, 558 F.3d 702, 705 (7th Cir. 2009). Neither Robinson's claims about police misconduct during the execution of the search warrant nor his claims that this court violated his constitutional rights by denying his prior motions are a basis for dismissing the charges against him.

The government moves to exclude any evidence and argument about the arguments that Robinson raised in these motions as well as his previous motions to dismiss and suppress evidence. Dkt. 67; Dkt. 69. The issues that the jury will decide in this case are whether Robinson maintained a place for drug distribution, distributed controlled substances to an undercover officer, and possessed with intent to distribute the controlled substances that were found in his motel room. Whether law enforcement used excessive force or otherwise violated Robinson's rights when executing the search warrant is irrelevant to these questions because it does not make it any more or less likely that Robinson engaged in the charged offenses *before* the police executed the search warrant and arrested him.

I will deny Robinson's motions to dismiss the case and grant the government's motions to preclude him from introducing evidence or arguments that law enforcement violated his constitutional rights during the execution of the search warrant or that the court lacks jurisdiction over this case.

## B. Government motions in limine

Five of the government's remaining motions in limine are straightforward motions asking the court to enforce the normal rules of trial procedure, which Judge Boor construed as requests for the court to review certain rules and procedures with Robinson. I will grant the following motions, which are consistent with well settled legal principles:

- Robinson may not define the term "reasonable doubt" for the jury, Dkt. 62;
- Robinson may not argue that the jury should ignore the court's instruction on the law or introduce evidence or argument for the sole purpose of gaining sympathy with the jury, Dkt. 63;
- Robinson may not present evidence or argument about the potential penalties he faces if convicted, Dkt. 64;
- Robinson may not introduce his own prior statements as evidence of the facts contained in those statements, and if Robinson does introduce his prior statements, the government may impeach him with his prior convictions as if he were testifying on the stand, Dkt. 66;
- Robinson may not testify when he is addressing the jury in his capacity as counsel, which includes when he is making his opening argument, when he is questioning witnesses, and when he is making closing arguments, Dkt. 68.

The government's three remaining motions in limine concern discrete issues specific to the facts of this case. In the first of these, the government asks the court to sequester witnesses and grant an exception for Officer Nicholas Cleary so that he may sit at counsel's table as the party representative for the United States. Dkt. 65. Cleary is a detective with the Madison Police Department who was assigned to a Bureau of Alcohol, Tobacco, Firearms, and Explosives task force that investigated this case. Robinson objects to exempting Cleary from sequestration, contending that Cleary could use the opportunity of sitting at counsel table and listening to other witnesses to shape his own testimony and that sitting with counsel would unfairly bolster his credibility.

A law enforcement officer who assisted in prosecuting a case may be exempt from sequestration as a party representative under Rule 615. *United States v. Crabtree*, 979 F.2d 1261, 1270 (7th Cir. 1992). Even though Cleary is a nonfederal agent, he may serve as the government's designated party representative. *See United States v. Jones*, 687 F.2d 1265, 1268 (8th Cir. 1982) ("Although the issue has not been squarely decided, there is nothing in the cases or legislative history of the rule that suggests state or local officers should be treated differently than federal officers."). It is well established that a case agent who is serving as the party representative may testify after hearing evidence presented earlier in the case. *United States v. Berry*, 133 F.3d 1020, 1024 (7th Cir. 1998). This is because having a investigate agent who is familiar with the case sitting with counsel is comparable to defense counsel being able to consult with the defendant during the case and a case agent who has "lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty." Fed. R. Evid. 615 Advisory Committee's Note. I will grant

the government's motion to sequester witnesses and to allow Cleary to sit at counsel's table instead of being sequestered.

The government also moves to admit excerpts of text messages that the government alleges are evidence of defendant planning to distribute controlled substances to undercover agents. Dkt. 70. I will grant this motion. The messages at issue do not refer to distribution of controlled substances by name, but the government plans to call a witness to explain the code words used in the messages. Evidence of specific prior acts is not admissible if it is being used to show that a defendant has a propensity to act in a certain way. But it is admissible for non-propensity uses, including to prove intent. *United States v. Perkins*, 548 F.3d 510, 514 (7th Cir. 2008). Robinson is charged with possession with intent to distribute, so evidence of his prior distribution of drugs may be used as evidence that he intended to distribute the drugs in his possession.

After the final pretrial conference before Judge Boor, the government moved to exclude argument about the purity of the drugs because Robinson asserted that the government would need to prove the purity of the mixture or substance he is charged with distributing to convict him of possession with intent to distribute 500 grams of more of cocaine and 40 grams or more of fentanyl. Dkt. 100. The statute under which Robinson is charged refers to a "mixture or substance containing a detectable amount" of a controlled substance, rather than a pure substance. *United States v. Marshall*, 908 F.2d 1312, 1317 (7th Cir. 1990). The United States Supreme Court has held that if a mixture or substance "contains a detectable amount, the entire mixture or substance is to be weighed when calculating the sentence." *Chapman v. United States*, 500 U.S. 453, 459 (1991). Because the purity of the mixture in Robinson's possession is legally irrelevant, I am inclined to grant the government's motion. But I will defer ruling on

5

this motion until the final pretrial hearing to give Robinson an opportunity to respond to the government's argument on this issue.

## C. Rule 16(b)(1)(A) demand

The government asks the court to order Robinson to disclose any evidence in his possession that he intends to use in his case-in-chief at trial by Friday June 11, 2025, to avoid any potential delay from allowing Robinson to make this disclosure mid-trial. Dkt. 101. The government is entitled to reciprocal disclosure of the documents that Robinson intends to use at trial because it provided the discovery that Robinson requested under Rule 16(a)(1)(E). The government's request that Robinson make this disclosure on the final business day before trial rather than mid-trial is reasonable in light of the parties' predictions that the trial will not take more than three days. So I will grant the government's request and order Robinson to disclose the documents he intends to rely on at trial by the end of the day on June 11.

## ORDER

IT IS ORDERED that:

1. Defendant Gregory Robinson's motions to dismiss this case, Dkt. 46, Dkt. 81, and Dkts. 83–85, are DENIED.

2. The court rules on the government's motions in limine as follows:

    a. The government's motion in limine to preclude Robinson from attempting to define reasonable doubt, Dkt. 62, is GRANTED.

    b. The government's motion in limine to preclude Robinson from arguing jury nullification, Dkt. 63, is GRANTED.

    c. The government's motion in limine to preclude Robinson from mentioning potential penalties, Dkt. 64, is GRANTED.

    d. The government's motion in limine asking for sequestration of witnesses, Dkt. 65, is GRANTED.

    e. The government's motion in limine to preclude Robinson from introducing his own hearsay, Dkt. 66, is GRANTED.

    f. The government's motion in limine to preclude Robinson from arguing or presenting evidence that the search was unlawful, law enforcement used excessive force while executing the search warrant, and that there has been prosecutorial or judicial misconduct in this case, Dkt. 67, is GRANTED.

    g. The government's motion in limine to preclude Robinson from testifying during his arguments and examinations, Dkt. 68, is GRANTED.

    h. The government's motion in limine to preclude Robinson from arguing or presenting sovereign citizen theories about surety, subrogation, and the court not lacking jurisdiction over him, Dkt. 69, is GRANTED.

    i. The government's motion in limine to admit the excerpted text message conversations filed with its motion, Dkt. 70, is GRANTED.

    j. The court will defer ruling on the government's motion to preclude defendant from arguing or presenting evidence about the purity of the controlled substances in this case, Dkt. 100.

3. The court orders Robinson to disclose to the government any documents within his possession that he intends to use in his case-in-chief at trial by July 11, 2025.

Entered July 8, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge